FLOYD HILL V. STATE.

No. 26,699. January 20, 1954.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) March 10, 1954.

*Martin & Shown,* by *W. E. Martin,* Houston, for appellant.

*William H. Scott,* District Attorney, *Dan Walton,* Assistant

District Attorney, Houston, and *Wesley Dice*, State's Attorney Austin, for the state.

MORRISON, Judge.

The offense is theft of an automobile; the punishment, five years.

James Paul testified that on the night in question his 1946 maroon Ford two-door automobile, license number DF 5319, was stolen from his home in the city of Houston; that the next day it was found with the front end caved in and the right window perforated by shotgun pellets.

Officer Stephenson testified that at approximately 5 A. M. on the night in question, while investigating a safe burglary, he had occasion to go into a certain alley in the city of Houston and came upon a 1946 Ford coach, license number DF 5319; that appellant was seated therein; that a man was standing at the rear of the automobile, and when the man pointed a rifle at the witness and cocked it he shot the man, whom he later learned to be M. G. Rosser, with a shotgun loaded with buckshot; that he then fired at the appellant through the right front window of the Ford. Officer Stephenson stated that the Ford sped away; that he fired at the tires as it left, and then shot the man on the ground with his pistol.

The Ford was found wrecked some two blocks from the scene of the shooting. Appellant apparently was not apprehended for several years.

Officer Martindale testified that he searched a Cadillac, which seems to have been implicated in the safe burglary, on the night in question in the city of Houston and found men's suits with the names "M. G. Rosser" and "Floyd Hill" in them.

The appellant did not testify, but offered several witnesses who testified with more or less certainty that the appellant was in Kansas City, Missouri, on the night in question.

The jury passed upon the question of alibi, and we find the evidence sufficient to support the conviction.

The sole question urged by appellant's counsel in his brief grows out of his contention that he was deprived of representation by counsel of his own choosing in that the court held dis-

qualified one of his attorneys who had been an assistant district attorney at the time this case was set for trial and did not permit him to participate in the trial.

It is not necessary that we pass upon the correctness of the court's ruling, because the record before us reflects that appellant was ably represented by Honorable W. E. Martin and Honorable James J. Shown. Appellant cannot now be heard to say that these attorneys, senior members of the law firm employed by appellant, were not prepared on the facts, because there is an absence of any showing that any request for continuance or postponement was made at the time of the court's ruling. If appellant or his counsel did not feel that they were properly prepared to try the law suit, it became incumbent upon them at that time to move for a continuance or postponement so that they might secure sufficient time to acquaint themselves with the facts of the case. Having failed to do so, no reversible error is reflected.

The judgment of the trial court is affirmed.